**UNITED STATES, Appellee,**

v.

**Staff Sergeant (E–6) Stanley E. ALLEN, SSN 231–50–9986, United States Army, Appellant.**

CM 434557.

U. S. Army Court of Military Review.

23 June 1977.

Stuart Settle, Esquire, and Captain Preston Wilson, JAGC, argued the cause for the appellant. With them on the brief were Lieutenant Colonel John R. Thornock, JAGC, and Captain Lawrence E. Wzorek, JAGC.

Captain Glen D. Lause, JAGC, argued the cause for the appellee. With him on the brief were Colonel Thomas H. Davis, JAGC, Lieutenant Colonel John T. Sherwood, Jr., JAGC, and Major Steven M. Werner, JAGC.

Before COOK, DRIBBEN and DeFORD, Appellate Military Judges.

## OPINION OF THE COURT

DRIBBEN, Judge:

Appellant, contrary to his pleas, was convicted by a general court-martial of attempted rape and two specifications of forcible sodomy in violation of Articles 80 and 125, respectively. Uniform Code of Military Justice, 10 U.S.C. §§ 880 and 925.

The facts of record are that on 6 May 1975, the victim, Private S consumed her evening meal in a Fort Lee, Virginia mess hall. Appellant took this opportunity to approach Private S and introduce himself. He discussed with her courses she was attending at the installation including one in which he was an instructor. During this conversation they were joined by appellant's friend, one Sergeant Johnson. Appellant and Sergeant Johnson urged Private S to continue the conversation at the NCO club on post. The conversation at the NCO club, accompanied by the consumption of alcoholic beverages, continued to concern for the most part Army courses at Fort Lee and jobs for which one would be qualified upon completion of those courses. At the end of the evening Sergeant Johnson departed leaving Private S with appellant. She entered appellant's car for a ride back to her barracks. Instead, appellant drove off post to a gas station where the victim used the bathroom. When she returned to the car, appellant, according to Private S, told her that he would return her to her barracks after he delivered instructional material to a friend's house. Instead, appellant proceeded further off post to a secluded area where the acts of which he was convicted were committed.

*United States v. Ruggiero,* 54 C.M.R. 683, 1 M.J. 1089 (N.C.M.R.1977), *petition denied,* 3 M.J. 117 (C.M.A.1977), involved a factual situation similar to this case. The

Navy Court of Military Review found that a court-martial had jurisdiction over the offense of rape and other similar acts of sexual misconduct where the accused met his victim, a servicewoman, on base at an NCO club and subsequently took her, voluntarily on her part, off base, where the offenses occurred. A comprehensive analysis of the cases and criteria upon which the Court found jurisdiction is set forth in Section III of that opinion beginning at page [1 M.J.] 1095. I concur with that Court's reasoning and adopt it as my basis for finding jurisdiction in the case at bar. The case *sub judice* presents an equally strong factual basis for the conclusion that the offenses committed by appellant are service connected. Appellant used his rank and position as an NCO instructor to become acquainted with his victim on a military installation. He then misused his military rank and his victim's misguided trust in him by virtue of his rank and position to take her off post so he could force his sexual attentions upon her in a secluded area. The military establishment has an interest significantly distinct from that of the civilian community in deterring its noncommissioned officers from sexually assaulting lower grade female enlisted personnel. It appears equally obvious that the paramount military interest over this offense derives from the devastating effect upon the morale and discipline of others subject to appellant's authority and instruction.

Based upon the foregoing and our determination that the remaining allegations of error raised by appellant are without merit, the findings of guilty and the sentence are affirmed.

Judge DeFORD concurs.

COOK, Senior Judge, dissenting:

I dissent.

While I agree with the recitation of facts set out in the majority opinion, those facts do not lead me to the same legal conclusion.

My brethren appear to bottom their finding of jurisdiction exclusively on the rationale contained in the opinion rendered by our nautical brothers in *United States v. Ruggiero*, 54 C.M.R. 683, 1 M.J. 1089 (N.C.M.R.1977), *petition denied*, 3 M.J. 117 (C.M.A. 1977).[1] A perusal of that case reveals facts which I deem to be critically distinctive from the case *sub judice*. The crux of that distinction is revealed, in my view, in the following sentence quoted from that opinion:

". . . But for his knowledge of [the victim's] reputation for chastity and sexual activities on base gained through military relationships, it is unlikely appellant would have raped her." 54 C.M.R. at 695, 1 M.J. at 1098.

No such on post germinated impetus can be found in this record.

I also find it significant that the *Ruggiero* opinion relies in part upon this Court's decision in *United States v. Sims*, 50 C.M.R. 401 (A.C.M.R.1975) which decision espoused "the concept of 'preponderant elements' of 'the total criminal enterprise' "[2] for use in making the crucial jurisdictional determination of "service connection."[3] This concept, however, was subsequently repudiated on appeal by the United States Court of Military Appeals in *United States v. Sims*, 25 U.S.C.M.A. 290, 54 C.M.R. 806, 2 M.J. 109 (1977).

Irrespective of my opinion of the *Ruggiero* decision, I have examined the record in this case in light of the oft quoted 12 *Relford*[4] factors and find all of them present.

1. Appellant was properly away from his installation at the time he committed his crimes.

1. ". . . we reiterate that our denial of a petition is of *no precedential* value and should not be cited, except as a matter of appellate history, or relied upon as authority." (Emphasis in original). *United States v. Mahan*, 1 M.J. 303, n. 9 (1976).

2. *United States v. Sims*, 25 U.S.C.M.A. 290, 292, 54 C.M.R. 806, 808, 2 M.J. 109, 111 (1977).

3. *O'Callahan v. Parker*, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969).

4. *Relford v. Commandant*, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971).

2. The crimes were committed away from the post.

3. The locus of the crimes was at a place not under military control.

4. The crimes were committed in the Commonwealth of Virginia, a place within our territorial limits and not in an occupied zone of a foreign country.

5. The crimes were perpetrated in time of peace and had no relation to the war-making power.

6. The crimes were unrelated to the appellant's military duties.[5]

7. The victim at the time of the offenses was not engaged in the performance of any military-related duty.

8. The civilian courts were present and open to try these offenses.

9. The crimes involved no flouting of military authority.

10. The offenses involved no threat to a military post.

11. The crimes involved no violation of military property.

12. The offenses are among those traditionally prosecuted in civilian courts.

Thus, I would hold that the appellant's crimes are without service connection and that, therefore, the trial court lacked jurisdiction.

---

**5.** In this regard, the majority states that "appellant used his rank and position as an NCO instructor to become acquainted with his victim on a military installation. He then misused his rank and his victim's misguided trust in him by virtue of his rank and position to take her off post so he could force his sexual attentions upon her in a secluded area." I find not one scintilla of evidence in the record to substantiate these conclusions. As appellant did not take the stand, there is obviously no evidence from that source that he went in search of a student with whom he could strike up an acquaintance based on his NCO-instructor status, or that he used his authority to order or inveigle the prosecutrix to a secluded spot. The victim nowhere testifies that, but for appel-

lant's military grade and position at the school, she would not have associated with him or ridden off post with him. This victim was 27 years of age and, by her own admission, not unacquainted with heterosexual relations. It strains my credulity beyond the breaking point to find that appellant's grade and duties were significantly influential in placing the victim in a situation she would not have otherwise been had the appellant been a fellow student or a private or even a civilian. Thus, unlike the majority I do not find any relationship between appellant's duties and the crimes for which he was tried. In my view, my brethren's approach appears to be an attempted resuscitation of the all but interred "military status of the accused and victim" concept.